UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISCTRICTOF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **TERESA JIMES GIAMOS,** § § § **Plaintiff,** § § **v.** § § **QUAD MARKETING** § **SOLUTIONS, INC. f/k/a** § **IVIE & ASSOCIATES, INC.** § § **Defendant.** § § | **Cause No.:** _____ **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGNAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Teresa Jimes Giamos ("Plaintiff" or "Giamos") hereby presents this, her Original Petition against Defendant, Quad Marketing Solutions ("Quad" or "Defendant") and for causes of action respectfully shows the Court as follows:

### I.

### Introduction

1. Plaintiff would show the Court that Defendant wrongfully discriminated against her on the basis of her age under the Age Discrimination in Employment Act of 1967, 29 U.S.C. s.626 et seq. and under the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 *et. seq.* (the "TCHRA").

### II.

### Parties

2. During all times mentioned in this Complaint, Plaintiff, Teresa Jimes Giamos was and is a resident of Texas, residing at 2770 Lakeside Pkwy Apt.111 Flower Mound, TX 75022.

Plaintiff may be contacted through his attorney of record, Nicholas A. O'Kelly, Kilgore & Kilgore, PLLC, 3141 Hood Street, Suite 500, Dallas, Texas 75219.

3. Defendant, Quad Marketing Solutions is a Domestic Limited Liability Company whose corporate address is N61 W23044 Harry's Way, Sussex, WI 53089-3995. Defendant's local offices are located at 601 Silveron Blvd, Flower Mound TX 75028 and may be served through their authorized agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E.7th Street, Suite 620, Austin, Texas 78701.

## III.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. s. 1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, *et seq*.

5. Plaintiff filed her charge of discrimination on July 19, 2021. Plaintiff has filed the instant action within 90 days of her receipt of the EEOC's issuance of a Notice of Right to Sue dated July 15, 2022.

6. The Court also has supplemental jurisdiction over state law claims for age discrimination under the TCHRA. (Chapter 21 of Texas Labor Code.)

7. Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.

## IV.

## **FACTUAL ALLEGATIONS**

8. Plaintiff is currently 59 years of age. On November 9, 2015, Plaintiff was hired by Ivie & Associates ("Ivie")

9. After Plaintiff was hired, Defendant Quad Marketing Solutions acquired Ivie in 2018. At that time, Plaintiff held the position of Digital Art Director.

10. Following Quad's acquisition of Ivie, Plaintiff remained employed by the Defendant, Quad, who continued operating under the name Ivey in the same position.

11. Throughout her employment with both Ivie and Quad, Plaintiff consistently received favorable performance reviews.

12. During the six (6) months before Plaintiff's termination, Defendant demoted Plaintiff without notice and removed all of Plaintiff's direct reports.

13. Following her demotion, Plaintiff was repeatedly being excluded from projects that were similar to those projects that she had previously performed successfully.

14. Plaintiff was later told that she was excluded from these projects because of her age.

15. On March 26, 2021, Defendant terminated Plaintiff's employment. Defendant told Plaintiff that the reason for her termination was because her job had been eliminated as part of a reorganization.

16. Following her termination, Plaintiff's duties were assumed by a Ms. Rachel Harris, who is in her early 20's.

17. On or about May 14, 2021, Plaintiff filed a charge of age discrimination with the Texas Workforce Commission and the EEOC.

18. On or about July 15 2022, Plaintiff received a Notice of Right to Sue letter for her EEOC Charge.

# CAUSES OF ACTION

## AS TO THE FIRST CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

19. The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set for at length herein verbatim.

20. At all times relevant herein, Plaintiff was an employee in the protected age bracket and meeting Defendant's expectations.

21. At all relevant times herein, Defendant, Quad after the acquisition of Ivie was a covered entity within the meaning of Chapter 21 of the Texas Labor Code.

22. Defendant has discriminated against Plaintiff due to her age with respect to the terms and conditions of his employment by:

   a. demoting Plaintiff, removing her direct reports

   b. treating her differently by excluding her from projects that she had previously performed.

   c. summarily terminating Plaintiff's employment for pretextual reasons and replacing her with significantly younger, less experienced female.

23. Defendant's conduct violated the ADEA and Chapter 21 of the Texas Labor Code which prohibit age discrimination in employment.

24. The acts of age bias described above occurred within 180 days prior to the filing of Plaintiff's charge of unlawful discrimination with the Texas Workforce Commission and the EEOC.

25. All conditions precedent to filing this action for discrimination under Chapter 21 and the ADEA have been met. Plaintiff timely filed her charge of discrimination on the basis of age.

26. Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of her age with the intent destroy Plaintiff's career and cause her to suffer financial damages.

27. Such discrimination has caused Plaintiff to suffer future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

28. Defendant acted with intentional malice or with reckless indifference to Plaintiff's protected rights. Such discrimination constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights under Chapter 21. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court and attorneys' fees.

## JURY DEMAND

29. PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has and recover the following relief against Defendant:

(1)     Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2)     Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3)     Exemplary damages in an amount to be determined by the trier of fact;

(4)     An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5)     An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6)     Prejudgment and post-judgment interest at the maximum legal rate;

(7)     Attorney's fees;

(8)     Expert's fees;

(9)     All costs of court; and

(10)    Such other and further relief to which Plaintiff may be justly entitled

Dated: October 14, 2022

Respectfully Submitted,

**KILGORE & KILGORE, PLLC**

By:   */s/ Nicholas A. O'Kelly*
NICHOLAS A. O'KELLY
State Bar No. 15241235
nao@kilgorelaw.com
**KILGORE LAW CENTER**

        3141 Hood St. Ste 500
        Dallas, Texas 75219
        (214) 379-0810 - Telephone
        (214) 379-0848 - Fax

**ATTORNEY FOR PLAINTIFF
TERESA JIMES GIAMOS**